**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANGANATH SARASWATI,<br><br>                     Plaintiff,<br>   vs.<br>COUNTY OF SAN DIEGO, and DOES 1-20,<br><br>                     Defendants. | CASE NO. 07cv1415 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Judgment on the Pleadings and to Abstain and Further Stay or Dismiss Action (ECF No. 37) filed by Defendant County of San Diego.

**BACKGROUND**

   On August 3, 2007, Plaintiff initiated this action by filing a Complaint (ECF No. 1). On April 23, 2008, this Court issued an Order denying a Motion to Dismiss the Complaint. (ECF No. 5). The Court concluded that the Complaint adequately alleged that a municipal policy or custom caused Plaintiff constitutional injury and that the County of San Diego was not immune from liability. *Id.* at 4-7. The Court declined to abstain from exercising jurisdiction under the doctrine of *Colorado River*. *Id*.

   On March 11, 2009, Plaintiff filed the First Amended Complaint. (ECF No. 24). On June 9, 2009, Defendant filed the Motion for Judgment on the Pleadings and to Abstain and

Stay or Dismiss Action. (ECF No. 29). On August 13, 2009, the Court granted Defendant's motion and stayed the action pursuant to the *Younger* [*v. Harris,* 401 U.S. 37 (1971)] abstention doctrine pending resolution of state mandamus proceedings in the Superior Court of California, County of San Diego. (ECF No. 32 at 7).

On May 12, 2010, Defendant filed a status report and informed the Court that Plaintiff's writ of mandamus in the state court proceeding had been denied. (ECF No. 35). On July 28, 2010, this Court lifted the stay. (ECF No. 36).

On August 4, 2010, Defendant filed a second Motion for Judgment on the Pleadings and to Abstain and Further Stay or Dismiss Action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 37)  On August 24, 2010, Plaintiff filed an Opposition to the Motion for Judgment on the Pleadings and to Abstain and Further Stay or Dismiss Action. (ECF No. 38). On August 30, 2010, Defendant filed a Reply (ECF No. 39).

## DISCUSSION

Defendant contends that "[t]he Superior Court found against plaintiff in the mandamus proceeding on all causes of action and found no damages."[1] (ECF No. 37 at 4). Defendant seeks dismissal because "plaintiff has now litigated the liability issues[]" and the Superior Court found that the County was not liable. *Id.* at 7. Therefore, the issue of damages is moot because "issue preclusion applies and plaintiff is collaterally estopped from litigating the same issues again." *Id.*

In the alternative, Defendant seeks an extension of the stay that was previously placed on this case pursuant to the *Younger* abstention doctrine pending completion of the state appeal. *Id.* at 7-8. Defendant states that "[t]he state proceeding is now pending in the

---

[1] Defendant requests the Court take judicial notice of Plaintiff's Verified Petition for Peremptory Writ of Mandate, Case No. GIC 879297, Plaintiff's Verified Petition for Peremptory Writ of Mandate, Case No. 37-2009-00088019-CU-WM-CTL, the Superior Court's Judgment filed on December 4, 2009, for the consolidated mandamus proceedings, and Plaintiff's Notice of Appeal dated January 12, 2010. (ECF No. 37-2 at 3-28; 37-3 at 1-2). Courts may take judicial notice of their own records, and may also take judicial notice of other courts' proceedings if they "directly relate to matters before the court." *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992 ); Fed R. Evid. 210(b). Defendant's request for judicial notice is granted.

California Court of Appeal, Fourth Appellate District . . . ." *Id.* at 4.

Plaintiff contends that the Court's prior application of the *Younger* abstention doctrine was improper, and any further application of *Younger* would also be improper because the federal constitutional questions raised in this federal Complaint were not a part of the state action. (ECF No. 38 at 6). Plaintiff contends that the Court should allow the parties to proceed with discovery in this case so this Court may address the "uniquely federal (constitutional) questions which must be answered by this Court whether or not the administrative review conducted by the state court judge resolves in Plaintiff's favor." *Id.* at 8.

As an alternative to dismissal, Plaintiff requests a stay because "his appeal of [the state mandamus proceedings] is currently pending in the State Court of Appeal," therefore, there is an "on-going state proceeding which is by no means final." *Id.* at 7 (quotation omitted). Plaintiff also contends that "issue preclusion and collateral estoppel cannot apply at this stage[,]" to the issue of damages because a judgment is not final if on appeal. *Id.* at 8.

"*Younger* and its progeny 'espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Gilbertson v. Albright,* 381 F.3d 978, 973 (9th Cir. 2004) (quoting *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). *Younger* is a jurisdictional doctrine, which involves "comity, federalism, economy, and the presumption that state courts are competent to decide issues of federal constitutional law . . . ." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n,* 196 F.3d 1011, 1015 (9th Cir. 1999). In determining whether to abstain under *Younger*, a federal court should ask: "*first,* do the type of state hearings at issue constitute an ongoing state judicial proceeding; *second,* do the proceedings implicate important state interests; and *third,* is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Gilbertson,* 381 F.3d at 973 (citing *Middlesex Cnty Ethics Comm.,* 457 U.S. at 432) (emphasis in original).

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure after moving to dismiss for failure to state a claim pursuant to Rule 12(b). *See* Fed. R. Civ. P. 12(g). *Younger* abstention is properly raised in a motion for

judgment on the pleadings pursuant to Rule 12(c). *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1089 (9th Cir. 2008). However, "an abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue." *Gilbertson,* 381 F.3d at 973.

Plaintiff has appealed the decision of the San Diego County Superior Court regarding the mandamus proceedings to the California Court of Appeal and the appeal is pending. (ECF No. 37-1 at 4; 38 at 7). The Court finds that the first requirement for abstention under *Younger* is satisfied because there are ongoing state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 3-4, 10 (1987) (finding that the court should have abstained under *Younger* while the state proceeding was pending on appeal); *see also Lebbos v. Judges of Super. Ct., Santa Clara Cnty,* 883 F.2d 810, 814 (9th Cir. 1989).

This action challenges the County of San Diego's determination that complaints of child abuse against Plaintiff are inconclusive, and challenges the placement of Plaintiff's name on the Child Abuse Index. California has an important interest in protecting children, and the purpose of the Child Abuse Index "is to protect children from abuse and neglect." Cal. Penal Code § 11164; *see* (ECF No. 32). The Court finds that the second requirement for abstention under *Younger* is satisfied because these proceedings implicate important state interests.

The Court finds that the third requirement for abstention under *Younger* is satisfied because the State proceedings are governed by California's writ of mandate procedure, which provides Plaintiff with sufficient opportunity to litigate his federal constitutional claims. *See Kenneally v. Lungren,* 967 F.2d 329, 332-33 (9th Cir. 1992) (finding that California's writ of mandate procedure satisfies the third requirement for *Younger* abstention because it "provides a meaningful opportunity for [a federal plaintiff] to present his constitutional claims for independent judicial review.") .

The Court concludes that continued abstention under *Younger* is proper. The Court further concludes that dismissal of the federal proceedings is not proper because Plaintiff seeks damages and injunctive relief in both the state and federal proceedings; and, as discussed above, the State proceedings are ongoing. *Gilbertson,* 381 F.3d at 973; *see also Offshore*

*Sportswear, Inc. v. Vuarnet Intern., B.V.*, 114 F.3d 848, 851 (9th Cir. 1997).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings is **DENIED** and the Motion to Abstain and Further Stay or Dismiss Action filed by Defendant County of San Diego is **GRANTED**. (ECF No. 37). The Court stays this action pending resolution the appeal in the California Court of Appeal, Fourth Appellate District. Defendant County of San Diego shall file a status report with respect to the proceedings in the state appellate court ninety (90) days from the date of this Order, and every ninety (90) days thereafter.

DATED: November 4, 2010

**WILLIAM Q. HAYES**
United States District Judge